UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOTISLA SAHOLAY BEST,

                 Plaintiff,

     -against-                              23-CV-3017 (LTS)

ACS, *et al.*,                                     ORDER

                 Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff is proceeding *pro se* and *in forma pauperis* (IFP) in this matter. By order dated June 26, 2023, the Court directed Plaintiff, within 60 days, to file a second amended complaint, because: (1) the original and first amended complaints did not comply with federal pleading rules; (2) at least some of Plaintiff's claims, arising under 42 U.S.C. § 1983, appear to be untimely; and (3) this court does not appear to be a proper venue for claims arising in Queens County and Nassau County.[1] (ECF 6.) That order specified that failure to comply would result in dismissal of the action.

      Plaintiff has not filed a second amended complaint. Instead, on August 8, 2023, Plaintiff filed "an emergency request that marshals serve warrant" and a supporting declaration, which were not responsive to the June 26, 2023 order to amend. (ECF 11, 12.) By order dated August 15, 2023, the Court: (1) denied Plaintiff's "emergency request," and all other pending matters; (2) granted Plaintiff an additional 60 days to file an amended complaint; and (3) reminded

---

[1] Plaintiff alleges that the events giving rise to this action occurred in Nassau County, Queens County, and New York County, beginning in 2013 until the present. (ECF 4.)

Plaintiff that failure to timely file a second amended complaint will result in dismissal of the action for failure to state a claim on which relief may be granted.[2] (ECF 13.)

On August 21, 2023, Plaintiff filed a motion for "injunctive relief," to "continue due process." (ECF 14.) According to Plaintiff, employees at "HRA [Human Resources Administration]" and "DSS [Department of Social Services]" have acted in an "unconstitutional" manner by denying her "social service assistance." (*Id.* at 2.)

## DISCUSSION

The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Plaintiff's August 21, 2023 submission does not contain a short and plain statement showing that she is entitled to relief from the named Defendants. The Court cannot grant Plaintiff any relief, emergency or otherwise, until she submits a pleading that states a claim for relief against the named Defendants, and that addresses the issues set forth in the June 26, 2023, order to amend. Accordingly, the motion for injunctive relief is denied without prejudice.

---

[2] In that order, the Court also requested that Plaintiff either provide a valid mailing address, or consent to electronic service, because prior orders that the Clerk's Office had mailed to her address of record were returned as undeliverable. The docket does not indicate that the August 15, 2023 order was returned, so it appears that the mailing problem has been remedied.

## CONCLUSION

The motion for injunctive relief is denied without prejudice. (ECF 14.) Before the Court will consider any new applications for injunctive or emergency relief, Plaintiff must first file, by October 15, 2023 a second amended complaint that complies with the June 26, 2023 order to amend. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the first amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 29, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge