UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOTISLA SAHOLAY BEST,

               Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES; HUMAN
RESOURCES ADMINISTRATION/DSS,

               Defendants.

23-CV-3017 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action under 42 U.S.C. § 1983 against three New York City agencies – the Department of Homeless Services ("DHS"), the Human Resources Administration ("HRA"), and the Department of Social Services ("DSS"). (ECF 4.) By order dated June 26, 2023, Plaintiff was directed to file a second amended complaint, but she failed to do so. For the reasons set forth below, the amended complaint is dismissed.

## BACKGROUND AND DISCUSSION

      Plaintiff initiated this action on April 10, 2023, by filing a complaint naming as Defendants the New York City Administration for Children's Services; the Honorable Clerk Richardson; HRA; DSS; and the New York State Department of Labor. On April 25, 2023, of her own accord and not by order of the court, Plaintiff filed an amended complaint against DHS, HRA, and DSS. In the amended complaint, which is the operative pleading, Plaintiff invokes the Court's federal question jurisdiction, alleging that Defendants violated her rights to "'private' or any type of 'rental leasing agreement' or 'habitual space' via Homeless Service." (ECF 4 ¶ IA.) Plaintiff alleges that the events giving rise to this action occurred in the counties of Nassau,

Queens, and New York from October 2013, to the present. (*Id.*) Plaintiff provides other facts, but they do not clarify what occurred or who could arguably be held liable for violating Plaintiff's rights. The amended complaint includes scores of attachments, including documents from Family and Supreme Court proceedings, a document referencing the "Estate of Elizabeth H. Williams," and payroll records, but it is not clear what relevance they have to Plaintiff's claims. (*Id.* at 9-39.) Plaintiff seeks money damages for "out of pocket expenses of being homeless," in the amount of $1,000 per week for "156 weeks and counting." (*Id.* ¶ IV.)

By order dated June 26, 2023, the Court directed Plaintiff to file a second amended complaint to address deficiencies in the first amended complaint. The Court advised Plaintiff that: (1) the first amended complaint did not comply with federal pleading rules, because it did not contain a short and plain statement suggesting that she was entitled to relief from Defendants; (2) Plaintiff could not assert Section 1983 claims against the city agencies, and if she wished to assert claims against the City of New York, she needed to provide facts suggesting that a city policy, custom, or practice contributed to the violation of her federally protected rights; (3) at least some of Plaintiff's Section 1983 claims appeared to be untimely; and (4) this court did not appear to be a proper venue for claims arising in Queens County and Nassau County. In that order, the Court also notified Plaintiff that if she failed to comply within the time allowed and did not show good cause to excuse such failure, the first amended complaint would be dismissed for failure to state a claim upon which relief may be granted. (ECF 10.)

Plaintiff did not file a second amended complaint. Instead, Plaintiff submitted letters and motions seeking various forms for relief, but it remains wholly unclear what occurred, who Plaintiff seeks to sue, and whether they are proper defendants. Plaintiff again attached a slew of random documents, including financial statements, tax forms, and medical records. (ECF 11-15.)

By order dated August 29, 2023, the Court: (1) informed Plaintiff that her submissions were not responsive to the order to amend, and could not be construed as a second amended complaint; (2) denied Plaintiff's request for injunctive relief, and alerted her that the Court could not consider any motions or grant any other relief until she filed a second amended complaint that complied with federal pleading rules; (3) granted her an extension of time, until October 16, 2023, to file a second amended complaint; and (4) reiterated that the matter would be dismissed if Plaintiff did not timely file a second amended complaint. (ECF 16.) Plaintiff has continued to file letters and documents, none of which are responsive to the order to amend. (ECF 17-27.) On October 13, 2023, Plaintiff requested an additional 60 days to file a second amended complaint, to "resolve Civil Rights" and "use paper reduction (Tree Conservation)" and "reducing Documents for 2nd Complaint." (ECF 30.)[1]

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court granted Plaintiff leave to file a second amended complaint, and an extension of time to do so. Plaintiff failed to comply with the order directing her to file a second amended complaint by

---

[1] Plaintiff submitted two written requests for free copies of documents. (ECF 23, 26.) In addition, Plaintiff came to the Pro Se Intake Unit on six occasions between September 5, 2023, and October 11, 2023, and made those requests in person. Although Plaintiff's IFP status does not entitle her to free copies of documents, 28 U.S.C. § 1926, *Wilson v. Wells*, No. 17-CV-40 (AWT), 2017 WL 6667515, at *1 (D. Conn. Sept. 6, 2017) ("The plaintiff is not entitled to free copies of court documents.") (citing *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006)), the Pro Se Intake Unit provided her with courtesy copies of the documents she requested on each of those occasions.

October 15, 2023, and has failed to show good cause to excuse such failure.[2] Because Plaintiff has given no indication that she intends to comply with the Court's order directing her to amend her pleading, the Court declines to grant Plaintiff another 60 days to replead her claims in an amended complaint.

## CONCLUSION

Plaintiff's first amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:  October 16, 2023
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] In fact, on October 12, 2023, Plaintiff filed a new complaint instead of amending the complaint in this matter. *See Best v. Unknown Self-Employer-Non-Taxpayer*, 1:23-CV-9402 (UA).

4